SEYFARTH SHAW LLP
Scott M. Pearson (SBN 173880)
spearson@seyfarth.com
Joseph A. Escarez (SBN 266644)
jescarez@seyfarth.com
Carrie P. Price (SBN 292161)
cprice@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Intervenor Defendant and Counterclaimant
 COMENITY BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DEBRA VON TRAPP,<br><br>         Plaintiff,<br><br>     v.<br><br>ANN TAYLOR RETAIL, INC.,<br><br>         Defendant. | Case No. 8:14-cv-01565-JVS-AN<br><br>**COMENITY BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AS A DEFENDANT AND COUNTERCLAIMANT UNDER FED. R. CIV. P. 24**<br><br>Judge:   Hon. James V. Selna<br>Date:    November 17, 2014<br>Time:    1:30 p.m.<br>Dept:     10C |

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND FACTS .......................................................................... 1

III. ARGUMENT .............................................................................................. 2

    A. COMENITY MAY INTERVENE IN THIS ACTION AS OF RIGHT .................................................................................... 2

    B. COMENITY ALSO IS PERMITTED TO INTERVENE ........................ 3

IV. CONCLUSION .......................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Khanna v. State Bar of Cal.,
505 F. Supp. 2d 633, 647 (N.D. Cal. 2007) ................................................................2

People v. Barragan,
32 Cal. 4th 236, 9 Cal. Rptr. 3d 76, 83 P.3d 480 (2004) ..................................................2

S2 Automation LLC v. Micro Tech., Inc.,
No. CIV 11-0884 JB/WDS, 2012 WL 3656462, at *15 (D.N.M. Aug. 14, 2012) ..........3

Smith v. Pangilinan,
651 F.2d 1320, 1323-24 (9th Cir. 1981) ........................................................................2

**STATUTES**

15 U.S.C. § 1681, et seq. ...............................................................................................1

**OTHER AUTHORITIES**

Fed. Rule Civ. P. 24 ...............................................................................................*passim*

ii

## I.  INTRODUCTION

Plaintiff Debra Von Trapp ("Von Trapp") claims that Ann, Inc. ("Ann"), erroneously sued as Ann Taylor Retail Inc. #1156 and Ann Taylor, furnished false credit information to credit reporting agencies in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").  However, intervenor defendant and counterclaimant Comenity Bank ("Comenity"), not Ann, furnished Von Trapp's credit information to credit reporting agencies.  Because Comenity's conduct forms the basis of Von Trapp's claims, Comenity should be allowed to intervene as a matter of right under Rule 24(a)(2), or alternatively under Rule 24(b)(1)(B), in order to protect and adequately represent its interests in this action.

## II.  BACKGROUND FACTS

Comenity issues private label and co-branded credit cards for various retailers. See Declaration of Kevin Morrissey filed on October 3, 2014 (Doc. No. 9-2) ("Morrissey Decl."), ¶ 2.[1]  In connection with the servicing of its credit card accounts, Comenity furnishes consumer account information, including payment history and account statuses, to consumer reporting agencies.  Id., ¶ 3.  Comenity issues an Ann Taylor-branded credit card for use in retail stores operated by Ann, including Ann Taylor.  Id.  Although consumers may use a private label Ann Taylor credit card at Ann Taylor stores as a form of payment, neither Ann nor any of its subsidiaries issue or service Ann Taylor credit card accounts, or furnish any consumer information on these accounts to consumer reporting agencies.  Id.

Comenity furnished information on Von Trapp's Ann Taylor credit card account ending in 5133 (the "Account") to TransUnion, Equifax and Experian.  Id., ¶¶ 6, 9-10 & Exs. A-B.  On September 5, 2013, Comenity received an automated consumer dispute verification ("ACDV") regarding the Account from TransUnion.  Id., ¶ 7.  The

---

[1] The Morrissey Declaration was filed with Ann's Motion to Dismiss and, in the Alternative, for Summary Judgment.  See Doc. Nos. 9 and 9-2.

1

ACDV indicated that Von Trapp disputed that the Account was hers. Id. Specifically, the ACDV indicated: "Not his/hers. Provide or confirm complete ID." Id. Comenity reviewed the ACDV, investigated the matter and responded to TransUnion on September 12, 2013. Id., ¶ 8. Comenity provided information to TransUnion related to certain dates that should have caused (and did cause) TransUnion to suppress the account from displaying on Von Trapp's credit report. Id.

On October 10, 2013, Comenity submitted an instruction to Equifax to delete the tradeline for the Account. Id., ¶ 11. Comenity also submitted deletion instructions to Experian and TransUnion on October 14, 2013. Id.

### III.   ARGUMENT

#### A.   COMENITY MAY INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a)(2) provides that a court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." See Fed. R. Civ. P. 24(a)(2); see also Smith v. Pangilinan, 651 F.2d 1320, 1323-24 (9th Cir. 1981). Comenity satisfies this standard.

First, Comenity's application is timely because the case just commenced. Von Trapp filed her claim in state court on August 29, 2014. See Dkt. No. 1. Second, Comenity has a protectable interest in this action because its conduct -- not Ann's -- forms the basis of Von Trapp's claims. Comenity could potentially be affected by an adverse judgment against Ann under the doctrine of collateral estoppel. See, e.g., Khanna v. State Bar of Cal., 505 F. Supp. 2d 633, 647 (N.D. Cal. 2007) (citing People v. Barragan, 32 Cal. 4th 236, 252-53, 9 Cal. Rptr. 3d 76, 83 P.3d 480 (2004)). Third, disposing of the action in Comenity's absence would impede Comenity's ability to protect its interest. Finally, no party to this action adequately represents Comenity's interests. If the existing parties' interests are not identical to the intervenor's, the

intervenor may intervene.  See S2 Automation LLC v. Micro Tech., Inc., No. CIV 11-0884 JB/WDS, 2012 WL 3656462, at *15 (D.N.M. Aug. 14, 2012).  Here, Ann has moved to dismiss the action because it was incorrectly named as defendant, which confirms that Ann's interests are not identical to Comenity's.  See Doc. No. 9. Comenity should be allowed to intervene in order to resolve its dispute with Von Trapp.

### B.     COMENITY ALSO IS PERMITTED TO INTERVENE

In the alternative, the Court should permit Comenity to intervene under Rule 24(b)(1)(B), which provides that "on timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact."  See Fed. R. Civ. P. 24(b)(1)(B).  The Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Id.

As discussed above, Von Trapp's claims are based entirely on Comenity's conduct, and permitting Comenity to intervene would not cause any prejudice or delay because the action is in its early stages.  Accordingly, the Court should permit Comenity to intervene.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the above reasons, Comenity respectfully requests that the Court grant its motion and allow it to intervene as of right under Rule 24(a)(2) or permissively under Rule 24(b)(1)(B). Comenity further requests that the Court direct the Clerk to file Comenity's proposed Joinder and Counterclaim-in-Intervention, lodged concurrently herewith.

DATED: October 15, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Carrie P. Price*
Scott M. Pearson
Joseph A. Escarez
Carrie P. Price

Attorneys for Intervenor Defendant and Counterclaimant
 COMENITY BANK

4